United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 14-20888-CR-Scola ) ) |
| Luis Ramirez Gonzalez, Defendant. | ) ) ) |

### Order Denying Defendant's Motion for Compassionate Release

Now before the Court is the Defendant Luis Ramirez Gonzalez's motion for compassionate release. For the reasons set forth below, the Court **denies** Gonzalez's motion (**ECF No. 50**).

Gonzalez pled guilty to conspiracy to commit an offense against the United States, bank robbery, and brandishing a firearm in furtherance of a crime of violence. (ECF No. 50 at 1.) The Court sentenced Gonzalez to 120 months for his crimes. Since he was arrested on November 24, 2014, he has served 69 months out of the 120-month sentence or about 58% of his sentence. (ECF No. 5.)

Now, Gonzalez files a motion for compassionate release citing his increased risk of severe illness due to his serious medical conditions and the coronavirus pandemic. Gonzalez argues that his circumstances constitute "extraordinary and compelling reason[s]" for his release under § 2582(c)(1)(A). Gonzalez alleges that he suffers from severe asthma and that he takes medication four to six times per day to treat his condition. (ECF No. 50 at 4-5.) He was hospitalized for his asthma six years ago, but his condition has been stable since. (ECF No. 53 at 13.) The Court need not decide whether his asthma constitutes extraordinary and compelling reasons because release is inappropriate in this case. Gonzalez poses a danger to society, and the § 3553 factors weigh heavily against his release.

Gonzalez remains a danger to the community and the § 3553 factors weigh heavily against his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Here, Gonzalez is a repeat offender

who has committed a number of bank robberies. His crimes are violent. In 2010, he passed a note to a teller in which he threatened to shoot a bank employee in the head if she refused to give him money. (ECF No. 53 at 13-14.) A few years later, he committed several additional bank robberies while he was on supervised release for his 2010 bank robbery. (*Id.* at 14.) In this string of robberies, his behavior escalated from passing demand notes to brandishing a gun. (*Id.*) That he was committing crimes while on supervised release demonstrates that he may not respect the law upon his second release, and due to his pattern of dangerous criminal activity, this Court cannot find that he is no longer a danger to the community. Moreover, the applicable 18 U.S.C. § 3553(a) factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant Gonzalez's release. Therefore, Gonzalez's motion is denied (**ECF No. 50**).

**Done and ordered** at Miami, Florida, on August 7, 2020.

_____
Robert N. Scola, Jr.
United States District Judge